C. J. TOWER & SONS v. UNITED STATES

No. 7624.—Invoices dated Newmarket, Ontario, Canada, March 19, 1947, etc Entered at Niagara Falls, N. Y., March 25, 1947, etc. Entry Nos. 5345; 2343.

(Decided November 5, 1948)

*Lamb & Lerch (John G. Lerch* of counsel) for the plaintiff.
*David N. Edelstein,* Assistant Attorney General (*Dorothy C. Bennett,* special attorney), for the defendant.

EKWALL, Judge: These are appeals from findings of value by the appraiser on importations of leather from Canada. Two cases, involving two shipments, have been consolidated for trial. In reappraisement 164055–A the appraiser found the proper values to be the unit entered prices in Canadian dollars, packed, F. O. B. Newmarket, Ontario, Canada, to which he added 8 percent Canadian sales tax. This value represented the foreign market value as defined in section 402 (c), as amended by T. D. 49646. In reappraisement 166252–A the importer on entry added under duress to meet advances by the appraiser in reappraisement 164055–A.

It is claimed on behalf of the plaintiff herein that the sales tax is no part of the market value. Counsel for the plaintiff stated at the hearing that there was no dispute as to the *per se* unit prices adopted by the appraiser.

Plaintiff introduced in evidence a copy of the Canadian sales tax law and also produced the testimony of the sales manager of the exporting company.

At the conclusion of the hearing Government counsel stated that in view of the fact that the Commissioner of Customs had reversed his position as to the inclusion of this sales tax in the market value since the time of this appraisement, and also in view of the decisions of the Supreme Court and this court, the Government would not press the claim that the 8 percent Canadian sales tax should be included in the foreign value of this merchandise.

Upon the record as made and in view of the decisions of the courts as set forth in *United States* v. *Passavant,* 169 U. S. 16; *Veolay* v. *United States,* 23 C. C. P. A. (Customs) 101, T. D. 47766; and *United States* v. *Pitcairn,* 33 C. C. P. A. (Customs) 183, C. A. D. 334, I find that the proper basis of value herein is the foreign value as defined in section 402 (c), *supra.* I further find that such values are the appraised values, less the item of 8 percent Canadian sales tax, which forms no part of such value.

Judgment will be rendered accordingly.